IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | : : : | Consolidated Under MDL DOCKET NO. 875 |
| VARIOUS PLAINTIFFS  v.  VARIOUS DEFENDANTS | : : : : : | Certain CVLO cases transferred from the Western District of Wisconsin, listed in Exhibit "A," attached |

FILED
APR 30 2014
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

### O R D E R

**AND NOW**, this **30th** day of **April, 2014**, it is hereby **ORDERED** that Plaintiffs' Motion for a Suggestion of Remand in the cases listed in Exhibit "A," attached is **DENIED**.[1]

---

[1]  Plaintiffs move for a suggestion of remand from this Court in five cases filed by the Cascino Vaughan Law Offices ("CVLO") in the Western District of Wisconsin.

Plaintiffs aver that the five cases involve claims of asbestos exposure arising from the Marshfield, Wisconsin door manufacturing plant formerly owned by Weyerhaeuser Company. Plaintiffs assert that two other "Marshfield Plant" cases were remanded from this MDL Court on January 9, 2014. Moreover, Plaintiffs note that cases filed in the Seventh Circuit by CVLO are no longer being transferred to MDL 875. Finally, Plaintiffs state that five other Marshfield Plaint cases were recently filed by CVLO and are currently pending in the Western District of Wisconsin. Plaintiffs request that the Court remand the instant five cases because they share similar evidentiary and legal issues with the seven Marshfield Plant cases that are currently pending in the Western District of Wisconsin. Plaintiffs assert that remanding the cases "would allow for coordinated discovery, motion practice, and legal rulings in front of the judge where the cases will be tried."

1

**AND IT IS SO ORDERED.**

_/s/ Eduardo C. Robreno_
EDUARDO C. ROBRENO, J.

---

Defendants Weyerhaeuser Company, 3M Company, and CBS Corporation ("Defendants") oppose Plaintiffs' motion. Defendants assert that Plaintiffs have failed to comply with the procedural and substantive requirements of Administrative Order 18 ("AO-18"). Additionally, Defendants state that these cases are in a different procedural posture than the other Marshfield Plant cases currently pending in the Western District of Wisconsin. Defendants note that the instant cases are on scheduling orders and have discovery motions pending. Defendants also note that the Court has recently conducted two telephone conferences regarding discovery motions.

Here, Plaintiffs have not demonstrated how remanding the instant cases at this time would promote the just and efficient resolution of their claims. The instant cases are on scheduling orders and the parties are actively engaged in discovery. Moreover, this Court is actively engaged in handling any discovery disputes that arise. The other cases pending in the Western District of Wisconsin are either set for trial, or are at different points in discovery than these five cases. As all other cases in MDL 875 have been handled, Plaintiffs may refile the instant motion when the scheduling order has run, there are no remaining motions, and the case is ready for trial in the transferor court. Remanding the instant cases at this time would be premature. Accordingly, Plaintiffs' motion must be denied.

2

## Exhibit A

| Case Number | Case Name | Motion Number |
|---|---|---|
| 13-60011 | Jacobs | 68 |
| 13-60013 | Zickert | 36 |
| 13-60014 | Sebastian | 23 |
| 13-60018 | Helms | 38 |
| 13-60019 | Heckel | 39 |